UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYLER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER F. SALAS, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  20cv888-MMA (MSB)<br><br>**ORDER:**<br>**(1) CONVERTING MANDATORY SETTLEMENT CONFERENCE TO VIDEO CONFERENCE, AND**<br>**(2) ISSUING UPDATED PROCEDURES** |

On September 15, 2020, the Court issued the Scheduling Order in this case, setting the Mandatory Settlement Conference ("MSC") in this matter for **July 9, 2021**, at **9:30 a.m.** (ECF No. 9 at 4.)  The order required all parties and their counsel to appear in-person. (Id.)

Considering the ongoing public health crisis, the Court **CONVERTS** the in-person MSC to **video conference**.  To facilitate this modification, **IT IS HEREBY ORDERED:**

1.　The Court will use its official Zoom video conferencing account to hold the MSC.  **IF YOU ARE UNFAMILIAR WITH ZOOM:**  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices

through the installation of a free app.[1]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the MSC.[2]  There is a cost-free option for creating a Zoom account.

      2.    All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must participate in the Zoom MSC and be legally and factually prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

      a.    **Full Settlement Authority Required**: A party or party representative with full settlement authority[3] must be present at the conference.  A government entity may be excused from this requirement so long as the government attorney who attends

---

[1] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[3] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

3. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

4. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the MSC to ensure that the MSC begins promptly at **9:30 a.m.  The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the Court-scheduled time.**

5. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

6. No later than **July 2, 2021**, counsel for each party shall send an e-mail to the Court at efile_berg@casd.uscourts.gov containing the following:

---

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

b. An **e-mail address for each participant** to receive the Zoom video conference invitation[5]; and

c. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

d. **Confidential Settlement Statement**. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a specific demand/offer for settlement, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement must not merely repeat what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement must specifically identify what the discovery process revealed and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as

///

---

[5] Based on the Court's previous experience with prisoner plaintiffs, the email address for the plaintiff will typically be that of the litigation coordinator at the facility where the plaintiff is incarcerated, who is arranging his appearance at the video conference.

exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be prepared to state a demand or offer. General statements such as a party will "negotiate in good faith" is not a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

7. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

8. If Plaintiff is not able to participate via Zoom, Plaintiff's counsel should propose an alternative means of Plaintiff's participation at the MSC to Defendants' counsel and the Court, and file an appropriate motion requesting the same.

**IT IS SO ORDERED.**

Dated: June 11, 2021

Honorable Michael S. Berg
United States Magistrate Judge